IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Johnson, #285779,<br><br>    Petitioner,<br><br>vs.<br><br>Warden, Manning Correctional Institution,<br><br>    Respondent. | Civil Action No. 3:07-2835-RBH-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Randy Johnson ("Johnson"), is an inmate at the South Carolina Department of Corrections serving concurrent sentences of twelve years imprisonment for armed robbery and assault and battery of a high and aggravated nature and five year imprisonment for malicious injury to property . He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on December 28, 2007. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on January 4, 2008, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on February 26, 2008.

**Background and Procedural History**

On December 24, 2001, Johnson and his brother, Kelvin Johnson, went to the home of Johnathan Davis in Orangeburg County to forcibly retrieve a CD player that had been stolen from Johnson's automobile. Shots were fired, a door was broken down, and Davis was struck in the head

with a shovel. Davis reported the incident and the Johnson brothers were arrested. On July 15, 2002, both pled guilty pursuant to a negotiated plea.[1] Their motion for reconsideration of the sentence was denied on July 19, 2002. (App. 28).[2] They were represented by Lawrence Keitt, Esquire. Johnson did not file a direct appeal.

Johnson filed an application for post-conviction relief ("PCR") on August 24, 2002 (App.38 and 121). Johnson's brother also filed a PCR. A hearing on both applications was held on July 31, 2003. The Johnsons were represented by Laura Knobeloch. The PCR court issued a written order of dismissal filed April 23, 2004, addressing the claims of both brothers. (App. 121). A Johnson[3] petition for writ of certiorari was filed through the South Carolina Office of Appellate Defense. (Res. Mem., Ex. 2) raising the following issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

Thereafter, Johnson and his brother retained William S. McGuire who filed another petition for writ of certiorari raising the following claims:

> DID THE TRIAL COURT HAVE SUBJECT-MATTER JURISDICTION TO SENTENCE KELVIN JOHNSON WHEN THERE IS NO FACTUAL BASIS FOR RANDY JOHNSON'S GUILTY PLEA TO THE CHARGES AT ISSUE?
>
> DID RANDY JOHNSON RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY INFORMED HIM THAT HE WOULD RECEIVE A SENTENCE UNDER THE YOUTHFUL OFFENDER ACT ON THE CHARGE OF ARMED ROBBERY WHEN THE STATUTORY MINIMUM FOR ARMED ROBBERY IS IMPRISONMENT FOR TEN YEARS?

---

[1] Pursuant to the plea agreement, charges of kidnaping were dismissed.

[2] The first exhibit attached to respondent's memorandum is the appendix prepared in connection with the appeal following denial of Johnson's PCR. It will be referred to as "App. ___."

[3] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

(Res. Mem., Ex. 3 and 4). The petition for writ of certiorari was denied by the South Carolina Supreme Court on April 5, 2006. (Res. Mem., Ex. 6). The Remittitur was returned on April 21, 2006.

## Grounds for Relief

Ground one:   Ineffective Assistance of Counsel

>   Supporting facts:   Attorney promise he could get me a youthful offender sentence (YOA) one to six years, also would never have pleaded guilty if known I wasn't getting a (YOA) youthful offender sentence. It was not my fault that my attorney had out dated law books. He made an erroneous error and gave me wrong advice....

Ground two:   Trial court lacked subject matter jurisdiction;

>   Supporting facts:   There is no factual basis for Randy Johnson's guilty [p]lea to the charges at issue

Ground three:  Ineffective Assistance of Counsel

>   Supporting facts:   Was promised a youthful offender Act sentence of 1 to 6 years by my lawyer

Ground four:  Whether Petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama

>   Supporting facts:   The record in this case indicates the trial court failed to do so.

(Habeas Petition, pp. 6-11).

## Discussion

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially

modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction

become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the doctrine does not apply. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

Johnson's conviction became final on July 29, 2002, ten days after his motion to reconsider his sentence was denied by the trial court. Thirty-six (36) days of untolled time lapsed before he filed his PCR on August 24, 2002. The statute of limitations was tolled until April 21, 2006, when the Remittitur was returned after his petition for writ of certiorari was denied. Johnson's habeas petition was received and filed by the Clerk of Court on August 15, 2007.[4] Johnson states that he

---

[4]Johnson did not sign his petition. It was signed by Kelvin Johnson on his behalf. Apparently, Kelvin Johnson prepared both petitions and signed for Johnson became he was at a different institution. Interrogatories were sent to Kelvin Johnson in his habeas case to clarify the filing date. Kelvin Johnson responded that his fiancee had mailed both petitions from a UPS Store on August 7, 2007. A receipt for the mailing was enclosed. Both petitions were received by the Clerk on August 15, 2007. See Johnson v. Warden, Ridgeland Correctional Institution, C.A. No.
(continued...)

and his brother sent their "paperwork" to an attorney for review and did not receive it back until May 23, 2007. Johnson further states that the "paperwork got lost in the mail for over a year." Although it is not clear, it is assumed that Johnson got notice of the denial of his petition for writ of certiorari in April of 2006, sent the information to the attorney, and the return of the paperwork occurred on May 23, 2007, i.e., "over a year." However, these circumstances do not meet the "extraordinary circumstances" test discussed above because there is nothing in the record to show that the sending of paperwork to an attorney prevented Johnson from filing his habeas petition. This same argument was rejected by Judge Norton in Kelvin Johnson's habeas case cited above.

## Conclusion

Based on a review of the record, it is recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

              Respectfully submitted,

              s/Joseph R. McCrorey
              United States Magistrate Judge

August 5, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4](...continued)
9:07-2837-DCN-GCK. Based on the facts, Johnson is not entitled to the benefit of the "mailbox rule" stated in Houston v. Lack,

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).